UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                                Case No.: 8:01-cr-283-CEH-AEP

ALEJANDRO BENITEZ
_____/

**ORDER**

This matter comes before the Court on the Defendant's Emergency Motion for Compassionate Release (Doc. 184). In the motion, Defendant requests compassionate relief pursuant to the First Step Act due to COVID-19 concerns. The Government filed a response in opposition. Doc. 186. The Court, having considered the motion and being fully advised in the premises, will deny Defendant's motion.

**I.      BACKGROUND**

Defendant, Alejandro Benitez, pleaded guilty to conspiracy to possess with intent to distribute 500 grams or more of methamphetamine and possession with intent to distribute 500 grams or more of methamphetamine in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(viii). Doc. 116. Defendant was sentenced on May 6, 2002, to a term of imprisonment of 294 months, 5 years of supervised release, and other mandatory conditions. *Id.* Defendant is a 50-year-old white male who is currently incarcerated at McRae Correctional Institution in Georgia. *See* Federal Bureau of Prisons, *Inmate Locator*, https://www.bop.gov/inmateloc/ (last accessed Feb. 8, 2021). Defendant is scheduled to be released from prison in approximately one and one-half years on July

14, 2022. *Id.* On August 12, 2020, Defendant filed the instant Emergency Motion for Compassionate Release requesting modification of his sentence due to his chronic illnesses and the COVID-19 pandemic. Doc. 184 at 1. Defendant contends that he is vulnerable under conditions of incarceration because it is impossible to maintain social distance and because of inmate mask refusal. *Id.* at 10. Defendant asserts that he suffers from asthma, high blood pressure, and neurological issues, *id.* at 1, but he fails to provide any medical records to document his conditions. Defendant does not claim to have exhausted his administrative remedies, instead arguing that the Court should excuse compliance with the administrative exhaustion requirement because of the pandemic. *Id.* at 2.

In response, the Government asserts that the Bureau of Prisons ("BOP") takes significant measures to protect the health of the inmates. Doc. 186. at 1. Specifically, the Government states that the BOP has had a Pandemic Influenza Plan in place since October 2012 which required the BOP to prepare for a pandemic, and in the instance of such, to implement a framework addressing issues of cleaning, hygiene, quarantining of sick individuals, and treatment of inmates. *Id.* at 4. The Government contends that since the COVID-19 outbreak began in the United States in March 2020, the BOP has tailored this protocol to prevent inmate exposure and the spread of the virus through additional actions including visitation bans, quarantining of asymptomatic individuals, social distancing measures, and the issuance of face masks to staff and prisoners. *Id.* at 4–7.

In response to Defendant's motion, the Government argues the motion should be denied because Defendant failed to exhaust administrative remedies and he otherwise does not provide extraordinary and compelling reasons to permit his compassionate release from prison. *Id.* at 9–10.

## II.   LEGAL STANDARD

Pursuant to 18 U.S.C. § 3582(b), a judgment of conviction that includes a sentence of imprisonment "constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (internal quotations omitted).  Those limited circumstances are provided under 18 U.S.C. § 3582(c)(1)(A)(i).  Effective December 21, 2018, the First Step Act of 2018 amended section 3582(c)(1)(A) by adding a provision that allows prisoners to directly petition a district court for compassionate release.  That provision states:

The court may not modify a term of imprisonment once it has been imposed except that—

(1) in any case—

> (A) the court, upon motion of the Director of the Bureau of Prisons, *or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier*, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> > (i) extraordinary and compelling reasons warrant such a reduction; or

> > (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and
>
> (B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure. . . .

18 U.S.C. § 3582(c)(1) (italics reflecting amendment under First Step Act). Accordingly, a court may reduce a sentence upon motion of a defendant provided that: (1) the inmate has either exhausted his or her administrative appeal rights of the BOP's failure to bring such a motion on the inmate's behalf or has waited until 30 days after the applicable warden has received such a request; (2) the inmate has established "extraordinary and compelling reasons" for the requested sentence reduction; and (3) the reduction is consistent with the Sentencing Commission's policy statement. *See id.* Courts are to consider the § 3553(a) factors, as applicable, as part of the analysis.[1] *See* § 3582(c)(1)(A).

---

[1] These factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the

The defendant generally bears the burden of establishing that compassionate release is warranted.  *See United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013) (providing that defendant bears the burden of establishing a reduction of sentence is warranted under § 3582(c) due to a retroactive guideline amendment); *United States v. Heromin*, No. 8:11-cr-550-T-33SPF, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019) (citing *Hamilton* in the context of a § 3582(c) motion for compassionate release).

### III. DISCUSSION

#### A. Administrative Exhaustion

Under 18 U.S.C. § 3582(c)(1), a defendant must exhaust administrative remedies within the BOP prior to the filing of a motion for compassionate release. Despite Defendant's argument that administrative exhaustion is not required, the Government advises that Defendant did file a request for compassionate release with the BOP Warden, which was denied on August 14, 2020. *See* Doc. 186-3. Because Defendant did not appeal the denial, the Government argues that Defendant has not exhausted his administrative remedies. Doc. 186 at 12.

The Court finds that Defendant has satisfied administrative exhaustion and will consider the merits of Defendant's motion as more than thirty days have elapsed since the warden received Defendant's request. *See* 18 U.S.C. § 3582(c)(1)(A).

---

applicable category of offense committed by the applicable category of defendant as set forth in the guidelines; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.  18 U.S.C. § 3553(a).

### B.  Extraordinary and Compelling Reason

Even though the Court finds Defendant exhausted his administrative remedies, his Emergency Motion nevertheless fails as Defendant has not shown an extraordinary and compelling reason to support a reduction in his sentence. Again, in accordance with *Hamilton*, a defendant bears the burden of establishing that compassionate release is warranted. 715 F.3d at 337. In its existing policy statement on compassionate release, the Sentencing Commission identifies four categories in which extraordinary and compelling circumstances may exist: (1) the defendant's medical condition; (2) the defendant's advanced age (at least 65 years old); (3) family circumstances; and (4) other reasons. U.S.S.G. §1B1.13, cmt. n. 1(A)–(D). Only the first and fourth provisions are potentially relevant here, because Defendant is 50 years of age and does not allege any extraordinary family circumstances.

Here, Defendant contends that he has shown an extraordinary and compelling reason because of his status as a BOP prisoner during the COVID-19 pandemic in combination with his medical conditions. Doc. 184 at 1, 10. Specifically, Defendant claims his asthma, high blood pressure, and neurological ailments put him at an increased risk for COVID-19. *Id.* The Government responds that because COVID-19 poses a threat to all non-immune individuals, it is not an extraordinary or compelling reason for compassionate release absent a defendant's serious qualifying medical condition. Doc. 186 at 14–15 (referencing USSG §1B1.13, cmt. N.1(C)). Further, the Government argues: (1) that Defendant has not provided sufficient documentation of

his medical conditions and his medical history conflicts with his claims; and (2) that Defendant's conditions are not serious in accordance with § 1B.13.

The Court finds that sufficient medical documentation is needed in this case to meet the requirements of *Heromin*, and that the severity of the conditions cannot be determined without supporting documentation. 2019 WL 2411311, at *2. Defendant provides no medical records in support of his claim. Nor does he claim he is unable to care for himself in the prison environment.

Defendant argues the possibility that he will contract COVID-19 constitutes an extraordinary and compelling reason to support a reduction in his sentence. The Bureau of Prison's website is currently reporting that CI McRae has zero inmates who are positive for COVID-19 and twenty-four inmates that have recovered. There has been one inmate death due to the virus. (https://www.bop.gov/coronavirus/ last accessed Feb. 8, 2021).  This Circuit and others have held that general concerns about possible exposure to COVID-19 do not alone meet the criteria for an extraordinary and compelling reason under § 3582(c)(1)(A) and U.S.S.G. §1B1.13, cmt. n. 1. *See United States v. Luster*, 2020 U.S. App. LEXIS 34965, at *3 (11th Cir. Nov. 04, 2020) (finding that "generalized allegations concerning COVID-19 did not warrant release" given defendant's lack of evidence concerning the severity of his conditions); *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release."); *United States v. Eberhart*, No. 13-cr-313-PJH-1, 2020 WL 1450745, at *2 (N.D. Cal. Mar. 25, 2020) ("General concerns about

possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence."). Thus, Defendant's general concerns of the possibility of contracting COVID-19 are insufficient to support a reduction in his sentence. Because Defendant has not met his burden of showing extraordinary and compelling circumstances for compassionate release, Defendant's Emergency Motion is due to be denied.[2]  Accordingly, it is hereby

**ORDERED**:

Defendant's Motion for Compassionate Release (Doc. 184) is **DENIED**.

**DONE AND ORDERED** in Tampa, Florida on February 8, 2021

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Alejandro Benitez, *pro se*
Counsel of Record

---

[2] Having shown that Defendant has not met his burden of proof in establishing extraordinary and compelling reasons for compassionate release or resentencing, the Court need not analyze the sentencing factors in 18 U.S.C. § 3553(a).